UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Benjamin Teich, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: Benjamin.Teich@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Strategic Environmental Partners, LLC, | Case No. 16-22151 (CMG) |
| Debtor. | Hearing Date: |
| | The Honorable Christine M. Gravelle |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER APPOINTING A CHAPTER 11 TRUSTEE OR IN THE ALTERNATIVE, CONVERTING OR DISMISSING THIS CASE**

The Acting United States Trustee ("UST"), by and through counsel, in furtherance of his duties and responsibilities, moves for an order appointing a chapter 11 trustee or in the alternative, converting this case to chapter 7 or dismissing this case, and for such other and further relief as this Court deems just and appropriate.

Background

1.  The UST has a responsibility to enforce the laws as written by Congress and interpreted by the courts and thereby has standing to bring this motion. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. On June 23, 2016, Strategic Environmental Partners, LLC , (the "Debtor"), filed a voluntary Chapter 11 petition for relief under the Bankruptcy Code and has remained in possession of its assets and in control of its financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code. *See* Docket Entry 1.

3. The Debtor is owned by Marilyn Bernardi. *See* Docket Entry 9, List of Equity Security Holders.

4. Upon information and belief, Marilyn Bernardi's husband, Richard Bernardi, participates in the operation of the Debtor.

5. Prior to the Debtor filing its petition, a state grand jury in Morris County, New Jersey indicted the Debtor and Mr. Bernardi, on six counts: one count of false representations for a government contract, two counts theft by deception, one count financial facilitation of criminal activity, one count of theft of services, and one count misconduct by a corporate official. The indictment was unsealed on February 2, 2016. *See* Exhibit A (copy of the indictment).

6. In particular, count 1 of the indictment states that the Debtor and Mr. Bernardi knowingly made false, material misrepresentations in connection with the negotiation or award of the contract in which the Debtor purchased and was licensed to operate the Fenimore Landfill in Roxbury, New Jersey. *See id*.

7. Count 3 of the indictment states that the Debtor and Mr. Bernardi engaged in one or more transactions that transferred funds among different financial institution accounts, in the amount of $500,000 or more, and that such funds were known to be derived from criminal activity, and that the transactions were designed to conceal or disguise the nature, location, source, ownership, and control of those funds. *See id*.

8. Count 6 of the indictment states that Mr. Bernardi, purposefully or knowingly operated the Debtor in the furtherance of a criminal object thereby deriving a benefit of $75,000 or more. *See id.*

9. On April 18, 2016, the New Jersey Department of Environmental Protection filed a verified complaint against the Debtor and Richard and Marilyn Bernardi individually. *See* Exhibit B (copy of the verified complaint).

10. Amongst the allegations in the verified complaint – bank statements obtained via subpoena "reveal a pattern and practice of moving deposits from one account to another, and into personal checking and savings accounts of Marilyn Bernardi, . . . and her children." *See* Exhibit B, ¶26. This includes transfers into "payable upon death" savings accounts with the Bernardi children as beneficiaries and transfers into trust bank accounts with Bernardi children as beneficiaries. *See* Exhibit B, ¶¶ 30-36.

11. The Debtor's schedule D discloses secured debt of approximately $2.7 million. Matrix New World Engineering is listed as being owed approximately $1.5 million and Sussex Warren Holding is listed as being owed approximately $1.2 million. *See* Docket Entry 9, schedule D.

12. The Debtor's schedule E/F discloses unsecured debt of approximately $3.3 million. Schedule E/F also discloses that the town of Roxbury, New Jersey and Matrix New World Engineering are owed approximately $1.5 million each and that Birdsall Services Group is owed approximately $125,000. The amount listed on Schedules D and E/F as being owed to Matrix New World Engineering is exactly the same on the two schedules. Therefore, it is unclear if Matrix New World Engineering has a secured claim, an unsecured claim, or two identical claims – one secured and one unsecured. *See* Docket Entry 9, schedules D and E/F.

13. The only claim listed as disputed in the Debtor's schedules is the unsecured claim of the town of Roxbury for approximately $1.5 million.

14. An Unsecured Creditors' Committee has not been appointed by the Acting United States Trustee.

15. The Debtor's Schedules reflect that the Debtor owns a parcel of undeveloped land located in Roxbury, New Jersey (the "Property"), which the Debtor has valued on its Schedule A/B in the amount of $18,000,000. *See* Certification of Dan Kropiewnicki ("Kropiewniki Certification"), ¶4.

16. On June 28, 2016, the UST communicated with Debtor's counsel requesting, *inter alia*, proof of insurance. *See* Kropiewnicki Certification ¶3 and 7.

17. As of the date of this Motion, the Debtor has failed to provide proof that the Property is currently covered by insurance policies for property damage and general liability. *See* Kropiewnicki Certification, ¶ 8.

<u>Law and Analysis</u>

A. <u>Appointment of a Chapter 11 Trustee</u>

18. Appointment of a Chapter 11 trustee is governed by 11 U.S.C. § 1104(a), which provides, in pertinent part, as follows:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> > (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ; or
> >
> > (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate . . . .

11 U.S.C. § 1104(a).

19. Although section 1104(a)(1) lists several examples of "cause" for the appointment of a trustee, the list is not exclusive. *See* 11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting"). Thus, while the factors that may constitute "cause" under section 1104(a)(1) include

management's fraud, dishonesty, incompetence, or gross mismanagement, nothing in the statute precludes the Court from finding "similar cause" for other reasons.

20. Subsection 1104(a)(1) requires the bankruptcy court, upon motion, to appoint a trustee when the movant has proven "cause" which the statute defines to include incompetence and gross mismanagement on a case by case basis. *See In re Sharon Steel Corp.*, 871 F 2d. 1217, 1226 (3d Cir. 1989). Subsection (a)(2) emphasizes the court's discretion, allowing it to appoint a trustee when to do so would serve the parties and estate's interests in circumstances where cause, under subsection (a)(1), cannot be established. *See In re Sharon Steel*, 86 B.R.455, 457 (Bankr. W.D. Pa. 1988); *see also* L.P. King, 5 Collier on Bankruptcy, § 1104.01, p.1104-27 n. 42 (citing Cong. Rec. H11, 102 (daily ed., September 28, 1978; S17, 419 (daily ed., Oct. 6, 1978)). Both of these subsections can be applied together utilizing the "best interest" approach in the absence of an enumerated element. *In re Oklahoma Refining Co.*, 838 F. 2d 1133, 1135 (10th Cir. 1988)("[t]he court need not find any of the enumerated wrongs in order to find cause for the appointing of a trustee. . . . It is sufficient that the appointment be in the interest of creditors.") (*citing In re William H. Vaughn & Co.*, 40 B.R. 524 (Bankr. E.D. Pa. 1984)); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990)(a court should consider practical realities such as the trustworthiness of the debtor; past and present performance; prospects for rehabilitation; the confidence, or lack thereof, of the business community and of creditors in present management; and the benefits derived by the appointment of a trustee, balanced against the cost of the appointment).

21. The use of the word "shall" in section 1104(a) mandates the appointment of a trustee when "cause" exists or when the Court determines that appointment of a trustee is in the "interests of creditors." *See Escoe v. Zerbst*, 295 U.S. 490, 493 (1935) ("shall" is the language of command, and its use in a statute indicates congressional intent that the statute be mandatory).

22. If "current management" is found to have engaged in "fraud, dishonesty, incompetence, or gross mismanagement" due to acts or omissions which occurred either before or

after the commencement of the case, the Court, pursuant to 1104(a)(1), must direct the appointment of a trustee. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989)[1]

23.     Pre-petition conduct alone may provide the basis for a court to appoint a trustee. *See In re Rivermeadows Assocs., Ltd.*, 185 B.R. 615, 619 (Bankr. D. Wyo. 1995) (holding that even though there was no evidence of a post-petition breach of fiduciary duty, pre-petition conduct of debtor's management warranted appointment of a trustee under § 1104(a)(1)).

24.     The willingness of courts to leave debtors in possession is premised upon an assurance that the debtor can be depended upon to carry out the fiduciary responsibilities of a trustee. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985). As a result, if the debtor in possession is unable to carry out the requisite trustee duties, "Section 1104(a)(1) commands that the stewardship of the reorganization effort must be turned over to an independent trustee." *See In re Marvel Entm't Group, Inc*., 140 F.3d 463, 474 (3d Cir. 2000).

25.     The indictment of the Debtor and Mr. Bernardi is cause to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1) because the underlying charges involve allegations of gross fraud, dishonesty, and gross financial mismanagement.

26.     Concerns raised by the indictment are significantly intensified by the allegations in the New Jersey Department of Environmental Protection's verified complaint – that the assets of Debtor had been improperly transferred to the personal bank accounts of Marilyn and Richard Bernardi and their children.

27.     Although the Debtor and Mr. Bernardi have not been found guilty of the charges upon which they have been indicted and the verified complaint has not yet been litigated, it is in the best interest of the estate and the Debtor's creditors that there be no question as to whether the Debtor will

---

[1] A number of courts have indicated that grounds for the appointment of a trustee must be established by "clear and convincing" evidence. *See In re G-I Holdings, Inc.*, 385 F.3d 313 (3rd Cir. 2004). In light, however, of Supreme Court precedent and the addition of § 1104(e) to the Bankruptcy Code, the better view is that the appropriate burden of proof should be "preponderance of the evidence." *See Tradex Corp. v. Morse*, 339 B.R. 823, 829-32 (D. Mass. 2006) (citing *Grogan v. Garner*, 498 U.S. 279, 286 (1991)).

carry out its fiduciary duties honestly and forthrightly. Therefore, pursuant to 11 U.S.C. § 1104(a)(2), a chapter 11 trustee should be appointed.

B. Dismissal or Conversion of a Case

28. 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2)[2] and subsection (c),[3] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[4] of a trustee or an examiner is in the best interests of creditors and the estate.

29. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

---

[2] 11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–
(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
(i) for which there exists a reasonable justification for the act or omission; and
(ii) that will be cured within a reasonable period of time fixed by the court.

[3] 11 U.S.C. § 1112(c) states:

The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[4] [3]11 U.S.C. § 1104(a) states:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
　　(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
　　(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

(P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

30. It is well settled that the factors listed in §1112(b)(4) that constitute "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual

cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

31.    The Debtor has failed to submit proof of valid insurance for the Property listed on Schedule A/B.  As a result, there is a substantial risk that the Debtor's assets will be diminished or lost if an accident occurs.  Failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to convert pursuant to 11 U.S.C. § 1112(b)(4)(C).  Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

WHEREFORE, for the foregoing reasons, the Acting United States Trustee respectfully requests that this Court enter an Order Converting the Case or an Order Dismissing the Case, and such other and further relief that is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

*/s/ Benjamin Teich*
Benjamin Teich
Trial Attorney

Dated: July 8, 2016