LAW OFFICES
# Matthew M. Fredericks, Esq.
111 NORTHFIELD AVENUE
SUITE 205
WEST ORANGE, NEW JERSEY 07052

MATTHEW M. FREDERICKS
ADMITTED IN NEW JERSEY

973-731-4545
FAX: 973-731-4555
mfredericks@mfrederickslaw.com

July 19, 2016

Hon. Christine M. Gravelle
United States Bankruptcy Court
District of New Jersey
Clarkson S. Fisher US Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:  In re: Strategic Environmental Partners, LLC
Case No. 16-22151-CMG

Dear Judge Gravelle:

I am an attorney at law of the State of New Jersey (Bar ID No. 011002001). Since 2012, I have acted as counsel for Strategic Environmental Partners, LLC ("SEP"), debtor in the case referenced above.

Please accept this letter and the attached Certification in lieu of a more formal submission in advance of the telephone conference scheduled this afternoon before Your Honor regarding the Motion for the Appointment of a Chapter 11 Trustee filed by the United States Department of Justice.

Attached hereto is my Certification dated June 13, 2016 which was filed with the New Jersey Superior Court in opposition to an application by the New Jersey Department of Environmental Protection ("NJDEP") for the appointment of a receiver over the assets of SEP and Mr. and Mrs. Bernardi.

As the Court can see from my annexed Certification, on June 26, 2013, the NJDEP forcibly seized SEP's private property under the guise of an "Emergency Order" which was

issued without a hearing and without leave of Court. The "Emergency Order" was subsequently vacated by the New Jersey Appellate Division on the grounds that the NJDEP "exceeded its authority by seizing control of SEP's property without first securing judicial approval." Strategic Environmental Partners, LLC v. New Jersey Dept. of Environmental Protection, 438 N.J. Super. 125, 131 (App. Div. 2014).

The Appellate Division ruled that the NJDEP Commissioner lacked authority to issue the Emergency Order without judicial action. *Id.* at 140. Further, the Appellate Division declared that even if the Commissioner did have such authority, "any action predicated on N.J.S.A. 13:1E-125.4(a) **or the Legacy Landfill Law in general constituted an unlawful retroactive application**." *Ibid.* (emphasis added).

The Appellate Division further found that the NJDEP's seizure of SEP's private property without judicial approval caused a "manifest injury to SEP". *Id.* at 143.

Notwithstanding the Appellate Division's ruling, the NJDEP has failed and refused to vacate SEP's private property. The NJDEP and its contractors presently exercise exclusive possession and control of the Fenimore Landfill. SEP has not conducted any activity on the site since June 26, 2013, the day the NJDEP took over the property.

Shortly after the NJDEP seized SEP's property, we requested proof that the State of New Jersey is insured for anything that may occur on the property while the NJDEP is in possession of the site. We were assured by counsel for the NJDEP that the State of New Jersey is more than adequately insured.

In addition, the contractors hired by the NJDEP to conduct activities on the Fenimore Landfill are insured. Attached hereto is a Certificate of Insurance Documentation evidencing an insurance policy covering the State's contractor on the site, Conti Enterprises, Inc. This Certificate of Insurance Documentation expressly states the insurance applies to the "Fenimore Landfill Site Remedial Construction".

Finally, please let the record in this matter reflect SEP's objection to the USDOJ's reference to allegations made by the NJDEP that SEP's funds were mismanaged. These allegations arise solely from the NJDEP's position that SEP was legally obligated to place tipping fees into a State-controlled escrow account, a position SEP has flatly and rightfully rejected. There is no legally enforceable escrow requirement for SEP's landfill remediation project and SEP is, was and at all times relevant hereto has been free to deposit its income into any and all accounts it wishes. The NJDEP's representation to the Court that SEP's funds have been mismanaged is disingenuous and fails to tell the Court the whole story, which is that the NJDEP has no legal right to require SEP to escrow any income generated at the Fenimore Landfill. We would be happy to submit a legal brief on this issue as we believe it is essential for the Court to have all of the facts and legal argument prior to making any ruling on any application for the appointment of a trustee in this matter.

Thank you for Your Honor's courtesy. Please call me if Your Honor has any questions.

Respectfully submitted,

Matthew M. Fredericks