UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW VARA
ACTING UNITED STATES TRUSTEE, REGION 3
Benjamin Teich, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: Benjamin.Teich@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Strategic Environmental Partners, LLC, | Case No. 16-22151 (CMG) |
| Debtor. | Hearing Date: |
| | The Honorable Christine M. Gravelle |

**SUPPLEMENT IN SUPPORT OF THE MOTION OF THE ACTING UNITED STATES TRUSTEE FOR AN ORDER APPOINTING A CHAPTER 11 TRUSTEE OR IN THE ALTERNATIVE, CONVERTING OR DISMISSING THIS CASE**

1. The United States Trustee has a responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

2. On June 23, 2016, Strategic Environmental Partners, LLC , (the "Debtor"), filed a voluntary chapter 11 petition for relief under the Bankruptcy Code and has remained in

possession of its assets and in control of its financial affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code. *See* Docket Entry 1.

3. The Debtor is owned by Marilyn Bernardi. *See* Docket Entry 9, List of Equity Security Holders.

4. On July 8, the Acting United States Trustee filed a motion to appoint a chapter 11 trustee or in the alternative convert the case to chapter 7 or dismiss the case (the "Motion"). The main basis for conversion or dismissal of the case was a lack of insurance.

5. The Motion was heard on shortened time on July 19, 2016 at 2:00 p.m.

6. At the hearing, the Court instructed the Debtor that it was to obtain insurance by August 1, 2016 or the case would be dismissed or converted. The Motion was adjourned to August 2, 2106 to be heard at the same time as a previously scheduled status conference in the case.

7. The Debtor complied with this requirement, obtained insurance and provided proof of that insurance to the Office of the United States Trustee.

8. At the August 2, 2016 hearing, the Acting United States Trustee agreed not to press for conversion or dismissal based on a lack of insurance as that defect had been cured. It was agreed that the portion of the motion requesting a chapter 11 trustee be appointed be carried to August 23, 2016 at 2:00 p.m. to be heard in conjunction with a motion seeking the same relief that had been filed by the New Jersey Department of Environmental Protection.[1]

9. The 341(a) meeting of creditors was originally scheduled for August 4, 2016. The meeting was adjourned to, and held on August 19, 2016.

---

[1] The New Jersey Department of Environmental Protection's motion to appoint a chapter 11 trustee was originally scheduled for August 9, 2016. However, the Court changed the hearing date to August 23, 2016.

10. At the 341(a) meeting of creditors, the Debtor's representative, Mrs. Bernardi, and Debtor's counsel placed on the record that the petition, schedules, and statement of financial affairs had not been signed before they were filed with the Court.

11. Without a signature of the Debtor's representative prior to the filing, the petition, schedules and statement of financial affairs appears to have been submitted without the proper certification under penalty of perjury.

12. Filing a petition or set of bankruptcy schedules or a statement of financial affairs without having signed the documents negates the safeguard of the information contained in the schedules having been sworn to under the penalty of perjury. Without this safeguard, the Court, the United States Trustee, creditors, and all interested parties cannot rely on the bankruptcy documents to be accurate.

13. Similarly, incomplete testimony at a 341(a) meeting of creditors significantly frustrates the administration of the chapter 11 case.

14. The Acting United States Trustee believes these circumstances support the appointment of a chapter 11 trustee and also form separate cause to convert or dismiss the case. *See* 11 U.S.C. §§ 1104 and 1112.

Respectfully submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE
REGION 3

*/s/ Benjamin Teich*
Benjamin Teich
Trial Attorney

Dated: August 19, 2016